COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                           NO.
2-07-400-CR

 

 

ZACHARY DANIEL HARRIS                                                   APPELLANT

A/K/A ZACHARY HARRIS

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

             FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------

I.  INTRODUCTION








A jury convicted Appellant Zachary Daniel Harris
a/k/a Zachary Harris of possession with intent to deliver four grams or more
but less than two-hundred grams of a controlled substance, and the trial court
sentenced him to thirty-five years=
confinement.  In four points, Harris
argues that the trial court erred by denying his motion to suppress evidence,
that the evidence is legally and factually insufficient to support his
conviction, and that the trial court abused its discretion by admitting certain
evidence.  We will affirm.

II.  BACKGROUND

On May 5, 2006, pursuant to an arrest warrant,
officers with the Grand Prairie Police Department arrested Harris in the
parking lot of a convenience store when he exited a white Chevrolet Malibu that
he had been driving.[2]  Officers searched the vehicle and recovered a
loaded shotgun with a pistol grip lying on the back seat in a black bag, two
boxes of clear plastic bags on the floorboard behind the driver=s seat,
two cell phones from the front of the vehicle, and a small canvas-type bag in
the center console containing a pocket digital scale with white residue on it
and a plastic bag containing 70.93 grams of an off-white, rock-like substance
subsequently tested and determined to be cocaine.  Harris had $960 in his right front pants
pocket.








Harris entered a plea of not guilty to the
charged offense of possession with intent to deliver a controlled substance of
four grams or more but less than two-hundred grams and a plea of not true to
the deadly weapon finding notice.  The
trial court denied Harris=s motion to suppress the
evidence seized from the vehicle, and it found true beyond a reasonable doubt
the State=s deadly weapon notice.  This appeal followed Harris=s trial
and conviction.

III.  MOTION TO SUPPRESSCOMITTED FACT

In his fourth point, Harris argues that the trial
court erred by denying his motion to suppress the evidence seized from the
vehicle because the arrest warrant was defective due to the omission of
relevant and material facts that were withheld from the supporting affidavit
but known to the affiant when the warrant was sought.  Harris specifically complains about the
affiant=s
admitted omission from the affidavit of the fact that Emerald LyleCa
witness to the murder for which authorities sought to arrest HarrisCdid not
identify Harris in a photographic spread that she viewed prior to the
magistrate=s issuance of the arrest warrant
and prior to Harris=s arrest on May 5, 2006.  Harris contends that A[h]ad
the magistrate known this information, this affirmative fact exculpating
[Harris] would have vitiated probable cause and resulted in the denial of the
arrest warrant.@

A.     Standard of Review








Generally, the appropriate standard for reviewing
a trial court=s ruling on a motion to suppress
is a bifurcated standard of review, giving almost total deference to the trial
court=s
determination of historical facts and reviewing de novo the court=s
application of the law.  Amador v.
State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997). 
When reviewing a magistrate=s
decision to issue a warrant, however, we apply a highly deferential standard in
keeping with the constitutional preference for a warrant.  Rodriguez v. State, 232 S.W.3d 55, 60
(Tex. Crim. App. 2007); Swearingen v. State, 143 S.W.3d 808, 810B11 (Tex.
Crim. App. 2004).  Under this standard,
we uphold the probable cause determination Aso long
as the magistrate had a >substantial basis for
. . . conclud[ing]=@ that
probable cause existed.  Illinois v.
Gates, 462 U.S. 213, 236, 103 S. Ct. 2317, 2331 (1983) (quoting Jones v.
United States, 362 U.S. 257, 271, 80 S. Ct. 725, 736 (1960), overruled
on other grounds by U.S. v. Salvucci, 448 U.S. 83, 100 S. Ct. 2547 (1980));
see Swearingen, 143 S.W.3d at 810.








An arrest warrant must provide the magistrate
with sufficient information to support an independent judgment that probable
cause exists for the warrant.  Jones
v. State, 568 S.W.2d 847, 854 (Tex. Crim. App.), cert. denied, 439
U.S. 959 (1978).  Whether the facts
mentioned in the affidavit are adequate to establish probable cause depends on
the totality of the circumstances.  Ramos
v. State, 934 S.W.2d 358, 362B63 (Tex.
Crim. App. 1996).  A reviewing court
should not invalidate a warrant by interpreting the affidavit or complaint in a
hypertechnical manner.  See Gates,
462 U.S. at 236, 103 S. Ct. at 2331; Rodriguez, 232 S.W.3d at 59.  Rather, when a court reviews an issuing
magistrate=s determination, the court
should interpret the affidavit or complaint in a commonsensical and realistic
manner, recognizing that the magistrate may draw reasonable inferences.  See Rodriguez, 232 S.W.3d at 61; Davis
v. State, 202 S.W.3d 149, 154 (Tex. Crim. App. 2006).  The duty of a reviewing court is thus simply
to determine whether, considering the totality of the circumstances, the
magistrate had a substantial basis for concluding that probable cause existed
to support the issuance of the warrant when viewing the affidavit.  Gates, 462 U.S. at 238, 103 S. Ct. at
2332.

B.      Supplemented Affidavit Sufficient to Show
Probable Cause








The United States Supreme Court has held that an
affirmative misrepresentation of a material fact that establishes probable
cause, made knowingly or recklessly in a probable cause affidavit, will render
a search warrant invalid under the Fourth Amendment.  See Franks v. Delaware, 438 U.S. 154,
155B56, 98
S. Ct. 2674, 2676 (1978).  Although the
court of criminal appeals has yet to state clearly that Franks should
apply to omissions as well, the Fifth Circuit, this court, and other courts of
appeals have applied the same analysis to omissions of material facts.  See United States v. Martin, 615 F.2d
318, 328 (5th Cir. 1980); McKissick v. State, 209 S.W.3d 205, 211B14 (Tex.
App.CHouston
[1st Dist.] 2006, pet. ref=d); Darby
v. State, 145 S.W.3d 714, 722 (Tex. App.CFort
Worth 2004, pet. ref=d); see also Ward v. State,
No. AP-74695, 2007 WL 1492080, at *3B4 (Tex.
Crim. App. May 23, 2007).  We therefore
analyze the complained of omission regarding Lyle=s
failure to identify Harris in a photographic spread under Franks.  See Martin, 615 F.2d at 328; McKissick,
209 S.W.3d at 211B14; Darby, 145 S.W.3d at
722; Volk v. State, Nos. 01-07-00265-CR, 01-07-00266-CR, 01-07-00326-CR,
2008 WL 2854166, at *4B5 (Tex. App.CHouston
[1st Dist.] July 24, 2008, no pet.) (mem. op.) (applying Franks to
argument that material, exculpatory omissions in affidavit supporting search
warrant invalidated warrant). 
Accordingly, if a defendant establishes by a preponderance of the
evidence that omissions of fact were made in a probable cause affidavit and
that such omissions were made intentionally or with reckless disregard for the
truth, the warrant will be held invalid if the inclusion of the omitted facts
would vitiate probable cause.  Martin,
615 F.2d at 328.








Here, Detective Joseph Wood of the Grand Prairie
Police Department is the affidavit=s
affiant.  According to the affidavit,
Lyle awoke in her living room to discover Megal Brown standing in between
Christopher Jackson (also known as AChris@ or ALil
Chris@) and Aa black
male that she recognized . . . had been at her apartment before.@  Lyle heard Brown call out her name, she heard
a gunshot, and she observed Brown fall to the floor.  The two men ran out of the apartment.

Lyle did not know the name of the Ablack
male,@ but she
identified Jackson and told Detective Wood that Jackson=s phone
number was listed in Brown=s cell
phone.  Investigators located a phone
number on the cell phone under the name ALil
Chris,@ called
the number, and spoke to Jackson, who said his last name was Jackson, provided
his date of birth, and agreed to talk to investigators.  Investigators obtained a photograph of
Jackson and showed it to Lyle.  Lyle
confirmed that Jackson was the person in the photograph.

Investigators arrested Jackson, and Jackson Awaived
his rights and admitted to being in the apartment buying weed from [Brown].@  According to Jackson, he had completed his
drug transaction and was about to leave when Harris arrived at the apartment.  Jackson knew Harris by name.  Jackson observed Harris and Brown Atussle[]
around the kitchen/dining area of the apartment,@ and he
heard a gunshot as he was leaving to get away from the fight.








In light of this information contained within the
four corners of the affidavit, we hold that, considering the totality of the
circumstances, the magistrate had a substantial basis for concluding that
probable cause existed to support the issuance of the warrant for Harris=s arrest
even when the affidavit is supplemented with the omitted information.  See Gates, 462 U.S. at 238, 103 S. Ct.
at 2332; Martin, 615 F.2d at 328; McKissick, 209 S.W.3d at 211B14; Darby,
145 S.W.3d at 722.  Thus, the inclusion
in the affidavit of the fact that Lyle failed to positively identify Harris in
a photographic spread would not have vitiated probable cause and consequently
rendered invalid the arrest warrant. 
Accordingly, the trial court did not err by denying Harris=s motion
to suppress evidence.  We overrule Harris=s fourth
point.

IV.  EVIDENTIARY SUFFICIENCY

In his first and second points, Harris challenges
the legal and factual sufficiency of the evidence to show that he possessed the
controlled substance for which he was prosecuted.

A.     Standards of Review

In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the prosecution in order to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007).








When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.  Watson v.
State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas v. State,
175 S.W.3d 795, 799 (Tex. Crim. App. 2005). 
We then ask whether the evidence supporting the conviction, although
legally sufficient, is nevertheless so weak that the factfinder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
factfinder=s determination is manifestly
unjust.  Watson, 204 S.W.3d at 414B15, 417;
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, though legally sufficient, contradicts the
verdict.  Watson, 204 S.W.3d at
417.








In determining whether the evidence is factually
insufficient to support a conviction that is nevertheless supported by legally
sufficient evidence, it is not enough that this court Aharbor a
subjective level of reasonable doubt to overturn [the] conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s
resolution of a conflict in the evidence. 
Id.  We may not simply
substitute our judgment for the factfinder=s.  Johnson, 23 S.W.3d at 12; Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s
determination of the weight to be given contradictory testimonial evidence
because resolution of the conflict Aoften
turns on an evaluation of credibility and demeanor, and those jurors were in
attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at 8.  Thus, we must give due deference to the
factfinder=s determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@  Id. at 9.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint on appeal.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).

B.      Sufficient Evidence of Possession








A person commits an offense if the person
knowingly possesses with intent to deliver a controlled substance in the amount
of four grams or more but less than 200 grams. 
Tex. Health & Safety Code Ann. ' 481.112(a),
(d) (Vernon 2003).  To prove possession
of a controlled substance, the State had to prove that Harris (1) exercised
actual care, custody, control, or management over the contraband and (2) that
he knew the matter possessed was contraband. 
See id. ' 481.002(38),
481.112(a); Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App.
1995).  Regardless of whether the
evidence is direct or circumstantial, it must establish that the defendant=s connection
with the drug was more than fortuitous.  Evans
v. State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); Beall v. State,
237 S.W.3d 841, 850 (Tex. App.CFort
Worth 2007, no pet.).  This is the
so-called Aaffirmative links@ rule,
which protects the innocent bystander from conviction merely because of his
fortuitous proximity to someone else=s
drugs.  Evans, 202 S.W.3d at 161B62.  While mere presence at the location where
drugs are found is insufficient by itself to establish actual care, custody, or
control of the drugs, presence or proximity, when combined with other evidence,
either direct or circumstantial (e.g. Alinks@), may
well be sufficient to establish that element beyond a reasonable doubt.  Id. at 162.








No formula of facts exists to dictate a finding
of links sufficient to support an inference of knowing possession.  See Taylor v. State, 106 S.W.3d 827,
830 (Tex. App.CDallas 2003, no pet.); Ramos
v. State, Nos. 02-07-00118-CR, 02-07-00119-CR, 2008 WL 623777, at *4 (Tex.
App.CFort
Worth Mar. 6, 2008, pet. ref=d) (mem.
op.).  It is the logical force of the
evidence, and not the number of links, that supports a factfinder=s
verdict.  Evans, 202 S.W.3d at
166.  Possible links include but are not
limited to the following:  (1) whether
the defendant was present when the drugs were found; (2) whether the drugs were
in plain view; (3) the defendant=s proximity
to and the accessibility of the drugs; (4) whether the defendant was under the
influence of drugs when arrested; (5) whether the defendant possessed other
contraband or drugs when arrested; (6) whether the defendant made any
incriminating statements when arrested; (7) whether the defendant attempted to
flee; (8) whether the defendant made furtive gestures; (9) whether there was an
odor of drugs; (10) whether other contraband or other drug paraphernalia was
present; (11) whether the defendant owned or had the right to possess the place
where the drugs were found; (12) whether the place the drugs were found was
enclosed; (13) whether the defendant was found with a large amount of cash; and
(14) whether the conduct of the defendant indicated a consciousness of
guilt.  Id. at 162 n.12; Beall,
237 S.W.3d at 850.








In this case, on May 5, 2006, officers arrested
Harris immediately after he exited the white Chevrolet Malibu with license
plate number 853 CDR that he had been driving and that he had parked at a
convenience store.  An officer with the
Arlington Police Department testified that he spoke to Harris on December 5,
2005, and that Harris was driving a white Chevrolet Malibu with license plate
number 853 CDR at the time.  Officers
searched the vehicle and recovered a loaded shotgun with a pistol grip lying on
the back seat in a black bag, two boxes of clear plastic bags on the floorboard
behind the driver=s seat, two cell phones from the
front of the vehicle, and a small canvas-type bag in the center console
containing a pocket digital scale with white residue on it and a plastic bag
containing 70.93 grams of cocaine.  A
search of Harris=s person revealed that Harris had
$960 in his right front pants pocket. 
The vehicle was not registered to Harris.

A detective with the Grand Prairie Police
Department testified that it is common for individuals involved in narcotics
dealing to use sandwich bags to package narcotics, to use pocket scales, to
have shotguns, to have multiple cell phones, to drive vehicles that aren=t
registered to them, and to carry large amounts of cash.








Harris contends that the evidence is insufficient
to show that he possessed the cocaine because he was not the registered owner
or insurer of the vehicle; no drugs or paraphernalia were found on his person;
no fingerprints were obtained tying him to the drugs, the shotgun, the cell
phones, or the scales; no information was obtained from the two cell phones
concerning who they belonged to; and he made no efforts to elude detection, nor
did he make any furtive movements or attempt to flee.  Notwithstanding this evidence, the State
established multiple, logically forceful linksCincluding
that Harris was driving the vehicle in which the drugs were found, that Harris
was in close proximity to and could easily access the drugs, that other items
associated with narcotics dealing were present in the vehicle, and that Harris
had a large amount of cash on his personCdemonstrating
Harris=s
possession of the cocaine.  See Evans,
202 S.W.3d at 162 n.12.  Harris=s
analysis ignores much relevant evidence and does not appropriately implement
the applicable standards of review.

Viewing the evidence in a favorable or neutral
light, the evidence is legally and factually sufficient to link Harris to the
cocaine recovered from the vehicle that he was driving.  Consequently, the evidence is legally and
factually sufficient to show that Harris possessed the cocaine.  See Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Watson, 204 S.W.3d at 414B15,
417.  We overrule Harris=s first
and second points.

V.  EVIDENCE
OF SHOTGUN

In his third point, Harris argues that the trial
court abused its discretion by admitting in evidence the shotgun found on the
back seat of the vehicle that he was driving just before his arrest.  Harris preserved for appellate review his
rules of evidence 401, 403, and 404(b) objections to the admission of the
shotgun.

A.     Standard of Review

We will not disturb a trial court=s
evidentiary ruling absent an abuse of discretion.  Winegarner v. State, 235 S.W.3d 787,
790 (Tex. Crim. App. 2007).  As long as
the trial court=s ruling is within the zone of
reasonable disagreement and is correct under any theory of law, it must be
upheld.  Id.








B.      Rule 401

AAll relevant evidence is
admissible . . . .  Evidence
which is not relevant is inadmissible.@  Tex. R. Evid. 402.  Evidence is relevant if it has any tendency
to make the existence of any fact that is of consequence to the determination
of the action more probable or less probable than it would be without the
evidence.  Tex. R. Evid. 401.

As examined above, the State had the burden of
proving that Harris possessed narcotics as part of its prosecution of him for
the offense of possession with intent to deliver a controlled substance of four
grams or more but less than two-hundred grams. 
See Tex. Health & Safety Code Ann. ' 481.112(a)(d).  A detective with the Grand Prairie Police
Department testified that it is common for individuals involved in narcotics
dealing to have shotguns or other firearms. 
The shotgun located on the back seat of the vehicle that Harris was
driving immediately before his arrest thus had the tendency to make more
probable Harris=s knowing possession of the
cocaine.  Accordingly, we hold that the
trial court did not abuse its discretion by admitting the shotgun in evidence
over Harris=s rule 401 objection.  See Tex. R. Evid. 401.

C.     Rule 403








Although relevant, evidence may be excluded if
its probative value is substantially outweighed by the danger of unfair
prejudice, confusion of the issues, or misleading the jury, or by
considerations of undue delay, or needless presentation of cumulative
evidence.  Tex. R. Evid. 403.  Once appellant makes a rule 403 objection,
the trial court must weigh the probativeness of the evidence to determine if it
is substantially outweighed by its potential for unfair prejudice.  Santellan v. State, 939 S.W.2d 155,
169 (Tex. Crim. App. 1997).  A rule 403
balancing test includes the following factors: (1) the inherent probative force
of the proffered item of evidence along with (2) the proponent=s need
for that evidence against (3) any tendency of the evidence to suggest decision
on an improper basis, (4) any tendency of the evidence to confuse or distract
the jury from the main issues, (5) any tendency of the evidence to be given
undue weight by a jury that has not been equipped to evaluate the probative
force of the evidence, and (6) the likelihood that presentation of the evidence
will consume an inordinate amount of time or merely repeat evidence already
admitted.  Gigliobianco v. State,
210 S.W.3d 637, 641B42 & n.8 (Tex. Crim. App.
2006).








The rules of evidence favor the admission of
relevant evidence and carry a presumption that relevant evidence is more
probative than prejudicial.  Jones v.
State, 944 S.W.2d 642, 652 (Tex. Crim. App. 1996), cert. denied, 522
U.S. 832 (1997).  When determining
whether evidence is admissible under rule 403, we do not consider just whether
the evidence is more prejudicial than probative, we consider whether the
probative value is substantially outweighed by the danger of unfair
prejudice.  Garcia v. State, 201
S.W.3d 695, 704 (Tex. Crim. App. 2006), cert. denied, 127 S. Ct. 1289
(2007).

As Harris argued in the point above, the vehicle
that he was driving was not registered to him, no drugs or paraphernalia were
found on his person, no fingerprints were obtained tying him to the drugs, the
shotgun, the cell phones, or the scales, and no information was obtained from
the two cell phones concerning who they belonged to.  The probative value of the shotgun was thus
considerable and significantly necessary to the State=s case
because it is a link tending to show that Harris knowingly possessed the
cocaine.  Weighing the probative value of
the evidence of the shotgun with the other rule 403 factors, the trial court
could have reasonably concluded that the shotgun did not have a tendency to
suggest decision on an improper basis, to confuse or distract the jury, or to
be given undue weight by the jury. 
Consequently, the trial court could have reasonably concluded that the
probative value of the evidence of the shotgun was not substantially outweighed
by the danger of unfair prejudice.  See
Tex. R. Evid. 403.  We hold that the
trial court did not abuse its discretion by admitting the shotgun in evidence
over Harris=s rule 403 objection.








D.     Rule 404(b)

Evidence of other crimes, wrongs, or acts is not
admissible to prove the character of a person in order to show action in
conformity therewith.  Tex. R. Evid.
404(b); Montgomery v. State, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990)
(op. on reh=g).  This rule reflects the well-established
principle that a defendant should not be tried for some collateral crime or for
being a criminal generally.  Soffar v.
State, 742 S.W.2d 371, 377 (Tex. Crim. App. 1987).  Evidence of prior criminal conduct may,
however, be admissible if it is logically relevant to prove some other fact,
such as proof of motive, opportunity, intent, preparation, plan, knowledge,
identity, or absence of mistake or accident. 
Tex. R. Evid. 404(b); Johnston v. State, 145 S.W.3d 215, 219
(Tex. Crim. App. 2004).  For extraneous
offense evidence to be admissible under rule 404(b), the evidence must be
relevant to a fact of consequence in the case apart from its tendency to prove
conduct in conformity with character.  Johnston,
145 S.W.3d at 220.








Here, the evidence of the shotgun was relevant to
prove Harris=s knowledge that he possessed
narcotics.  Harris=s
knowledge that he possessed narcotics is a fact of consequence of the case
apart from its tendency to prove conduct in conformity with his character.  See id.; see also Tex. R. Evid.
404(b).  Accordingly, we hold that the
trial court did not abuse its discretion by admitting the evidence of the
shotgun over Harris=s rule 404(b) objection.  We overrule Harris=s third
point.

VI.  CONCLUSION

Having overruled Harris=s four
points, we affirm the trial court=s judgment.

 

PER CURIAM

PANEL: HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 4, 2008      











[1]See Tex. R. App. P. 47.4.





[2]The warrant states that
the Affiant Aha[s] good reason and do
believe that on/about 5/2/06 one Harris, Zachary Daniel did then
and there in the City of Grand Prairie, Dallas County, Texas commit the offense
of Capital Murder 19.03 C/F.@